UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA WILDLIFE FEDERATION,
et al.,

    Plaintiffs,

v.                                                                   CASE NO. 8:14-cv-3204-T-23EAJ

GINA MCCARTHY, et al.,

    Defendants.
_____/

## **ORDER**

Ten private entities[1] jointly move (Doc. 30) either for intervention as a matter of right or for permissive intervention. Also, the State of Florida, the Florida Department of Environmental Protection, and the Florida Department of Agriculture and Consumer Services jointly move (Doc. 34) for intervention as a matter of right or for permissive intervention. Under Rule 24(a)(2), Federal Rules of Civil Procedure, a party may intervene as a matter of right if:

> (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit.

*Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007).

---

[1] Florida League of Cities, Inc.; Florida Chamber of Commerce; Environmental Committee of the Florida Electric Power Coordinating Group, Inc.; Florida Stormwater Association; Florida Water Environment Association Utility Council; Florida Fertilizer and Agrichemical Association; Associated Industries of Florida; The Florida $H_2O$ Coalition; Florida Fruit and Vegetable Association; and Florida Farm Bureau.

**1. Florida Stakeholders**

The ten entities — self-identified as the "Florida Stakeholders" — argue that they "are entitled to intervene because it is they who must comply with applicable regulatory requirements and work to ensure that impairments to Florida waters are remedied." (Doc. 30 at 12) To satisfy the second *Sierra Club* element, the ten entities of the Florida Stakeholders "must each possess a direct, substantial, legally protectable interest in the proceeding." *ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1321 (11th Cir. 1990) (internal quotation marks omitted). "[A] generalized grievance does not impart to [a prospective intervenor] the kind of legally protectable interest in the . . . litigation necessary to support intervention as of right." *ManaSota-88*, 896 F.2d at 1322.

The Florida Stakeholders fail to explain the purpose of each of the ten entities and how each is interested in this action.[2] The only plausible explanation is that each entity comprises one or more members "specifically governed by the regulatory schemes now before the Court" and "interest[ed] in maintaining the appropriate state-federal balance under the Clean Water Act." (Doc. 30 at 22–23, 26) In other words, the Florida Stakeholders argue that they have a "legally protectable interest" in this action by virtue of having a member affected by the Clean Water Act's "regulatory scheme." *See ManaSota-88*, 896 F.2d at 1322. Although the Florida

---

[2] Rather than explaining how each entity is interested in this action, the Florida Stakeholders explain the Clean Water Act and Florida's rulemaking procedure.

Stakeholders might "have more narrow and parochial interests than the general public" (Doc. 30 at 27), they present no more than a "generalized grievance."

Citing *United States v. South Florida Water Management District*, 922 F.2d 704, 709 (11th Cir. 1991), the Florida Stakeholders argue that the "potential *stare decisis* effect of a judgment may, by itself, support intervention." However, "a potential *stare decisis* effect does not automatically supply the practical disadvantage warranting intervention." *ManaSota-88*, 896 F.2d at 1323. The plaintiffs' prevailing in this action "will not produce any immediate effect on [the Florida Stakeholders] and will not impede [their] ability later to be heard if specific [changes to the Clean Water Act's "regulatory scheme"] directly affect[] [the Florida Stakeholders'] interests." *ManaSota-88*, 896 F.2d at 1323. The Florida Stakeholders' motion (Doc. 30) to intervene as a matter of right is **DENIED**. Further, because the Florida Stakeholders' intervention will "unduly delay . . . the adjudication of the rights of the original parties," the motion (Doc. 30) for permissive intervention is **DENIED**. *See ManaSota-88*, 896 F.2d at 1323.

## 2. Florida Intervenors

The State of Florida, the Florida Department of Environmental Protection (FDEP), and the Florida Department of Agriculture and Consumer Services (FDACS) — self-identified as the "Florida Intervenors" — jointly move (Doc. 34) to intervene. Again, under Rule 24(a)(2), a party may intervene as a matter of right if the party satisfies the four *Sierra Club* elements. Because no party disputes that the

Florida Intervenors' "application to intervene [wa]s timely," the Florida Intervenors satisfy the first *Sierra Club* element.

In a similar circumstance, *Florida Wildlife Federation v. McCarthy*, No. 8:13-cv-2084 (Doc. 68 at 3) (M.D. Fla. Mar. 16, 2015) (Merryday, J.), grants the FDEP's motion to intervene. Discussing the second *Sierra Club* element — whether "the applicant has an interest relating to the property or transaction which is the subject of the action" — *Florida Wildlife Federation*, No. 8:13-cv-2084 (Doc. 68 at 2), concludes that "the FDEP has an interest 'in environmental regulations that may be applied within its jurisdiction' and 'in the quality and quantity of water within its boundaries.'" *See Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1252 (11th Cir. 2002) ("We find that Florida has a legally protectable interest in the quality and quantity of [its] water . . . ."). Likewise:

> FDACS is the primary agency responsible for addressing Agriculture's contribution to water impairment and it does so in both representative and regulatory capacities. Section 570.07(13), Fla. Stat. (2014), charges FDACS with the duty to protect the agricultural interests of the state and where, as here, implementation of a conservation program must be balanced with the interests of the agriculture industry.

(Doc. 34 at 5–6) Therefore, the Florida Intervenors "ha[ve] an interest relating to the property or transaction which is the subject of the action." *See Sierra Club*, 488 F.3d at 910.

Discussing the third *Sierra Club* element — whether "the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect [the] interest" — *Florida Wildlife Federation*, No. 8:13-cv-

2084 (Doc. 68 at 2), concludes that "the *stare decisis* effect of this action satisfies the . . . element." Because "the interests of the State are affected" by this action and because "prohibiting the State from intervening would impair the State's ability to protect its interests," *Loyd*, 176 F.3d at 1340, the Florida Intervenors satisfy the third *Sierra Club* element.

In support of the fourth *Sierra Club* element, the Florida Intervenors state, "Florida Intervenors intend to offer argument in opposition to Plaintiff's position that it does, as well as argument as to *how* antidegradation can be applied to identifying impaired waters, which is particular to Florida Intervenors and distinct from EPA's role." (Doc. 34 at 17) The Florida Intervenors have sufficiently demonstrated a right to intervene. *See Georgia v. U.S. Army Corps of Engineers*, 302 F.3d at 1255, 1259 (describing as "minimal" and "light" the "burden of showing that the existing parties cannot adequately represent its interest").

Even if the Florida Intervenors have no right to intervene, the Florida Intervenors are permitted to intervene under Rule 24(b). Accordingly, the Florida Intervenors' motion (Doc. 34) to intervene is **GRANTED**. No later than **MAY 19, 2015**, the Florida Intervenors may respond to the plaintiffs' motion (Doc. 35) for summary judgment.

ORDERED in Tampa, Florida, on May 8, 2015.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE