UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA WILDLIFE FEDERATION,
et al.,

    Plaintiffs,

v().  CASE NO. 8:14-cv-3204-T-23EAJ

GINA MCCARTHY, et al.,

    Defendants.
_____/

## **ORDER**

The plaintiffs and the EPA[1] move (Docs. 35, 37) for summary judgment on Counts III–V. Because a June 4, 2015 order (Doc. 46) dismisses Count III, the motions (Docs. 35, 37) for summary judgment on Count III are **DENIED AS MOOT**. Further, because the EPA's motion repeats in favor of Count IV an argument rejected in the June 4, 2014 order, the EPA's motion (Doc. 37) for summary judgment on Count IV is **DENIED**. The remainder of this order resolves the plaintiffs' motion (Doc. 35) for summary judgment on Counts IV and V and the EPA's motion (Doc. 37) for summary judgment on Count V. The State of Florida, the Florida Department of Environmental Protection (the FDEP), and the Florida

---

[1] The plaintiffs sue Gina McCarthy, Heather McTeer Toney, and the Environmental Protection Agency (collectively, the EPA).

Department of Agriculture and Consumer Services intervene (Doc. 38) as defendants and oppose (Doc. 41) the plaintiffs' motion.

Under Section 303(c)(4)(B) of the Clean Water Act, the EPA has the discretion to determine whether "a revised or new standard is necessary to meet the requirements of" the Clean Water Act. On October 2, 2014, Cindy Davis, a plaintiff in this action, petitioned the EPA "to initiate rulemaking to promulgate the necessary revisions to [the FDEP's] antidegradation water quality standards." (Doc. 16-1 at 1) The EPA has not responded to the petition. The plaintiffs argue that the EPA "unreasonably delayed"[2] performing (1) a duty to furnish an "adequate explanation" for denying the petition (Count IV)[3] and (2) a duty to respond to the petition "within a reasonable time" (Count V).[4]

---

[2] Section 706(1) of the Administrative Procedure Act "compel[s] agency action unlawfully withheld or unreasonably delayed." Because "Congress has not provided any timetable or other indication of the speed with which it expects EPA to respond to petitions" (Doc. 37 at 18), Counts IV and V argue only that the EPA "unreasonably delayed" (not "unlawfully withheld") performance of a duty. *See Tang v. Chertoff*, 493 F. Supp. 2d 148, 155 (D. Mass. 2007) (Gertner, J.) (explaining the difference between "unreasonably delayed" and "unlawfully withheld").

[3] After receiving a petition demanding a "necessity determination," the EPA must either (1) "make a necessity determination" or (2) deny the petition and furnish an "adequate explanation" for denying the petition. *See Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 243 (5th Cir. 2015) (Higginbotham, J.). Assuming that the EPA decided not to "make a necessity determination," Count IV argues, "It is unlawful for EPA to withhold or unreasonably delay making any explanation regarding its reasoning for not exercising its [Clean Water Act] § 303(c)(4)(B) discretionary authority." (Doc. 13 at 18; Doc. 42 at 16)

[4] Count V argues that the EPA violated Section 555(b) of the Administrative Procedure Act, which requires an agency to "within a reasonable time . . . conclude a matter presented to it."

The plaintiffs' motion for summary judgment[5] states, "It is undisputed [that] EPA has not taken any agency action on Mrs. Davis's October 2, 2014 petition to EPA."[6]  (Doc. 35 at 24)  However, neither the complaint nor the motion explains how the EPA's waiting approximately two and a half months[7] to respond to the petition constitutes "unreasonable delay."

"In the context of a claim of unreasonable delay, the first stage of judicial inquiry is to consider whether the agency's delay is so egregious as to warrant mandamus." *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) (Edwards, J.); *accord Ren v. Mueller*, 2008 WL 191010, at *10 (M.D. Fla. Jan. 22, 2008) (Fawsett, J.).  Nothing in the record suggests that the EPA's two-and-a-half-month delay was unreasonable.  Indeed, the EPA explains that the EPA "has been addressing a variety of competing priorities" and that "EPA has the discretion to prioritize its actions taken under the [Clean Water Act], and is owed deference as to such prioritization."  (Doc. 37 at 18–20)  *See Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 244 (5th Cir. 2015) (Higginbotham, J.) ("[W]hen a statute sets out

---

[5] Like many of the plaintiffs' previous filings, the motion mostly consists of irrelevant, cut-and-paste descriptions of the plaintiffs' five counts, the Administrative Procedure Act, the Clean Water Act, and Florida's antidegradation policy.

[6] The plaintiffs state, "Mrs. Davis' petition to EPA is very similar to the July 10, 2012 petition to initiate rulemaking filed by" the Florida Wildlife Federation on July 10, 2012. (Doc. 1 at 72; Doc. 35 at 24) However, the plaintiffs sue for a response only to the October 2, 2014 petition. Further, the July 10, 2012 petition fails to discuss the EPA's "2014 Decision" (Doc. 11-1), which is the basis of this action.

[7] Davis petitioned the EPA on October 2, 2014. The plaintiffs sued on December 24, 2014.

competing considerations, agencies are generally given discretion to choose how to best give effect to those mandates."). Further, the EPA "anticipates that it will respond to . . . [the petition] by the end of July 2015, less than ten months after receiving the . . . petition." (Doc. 37 at 17) *See National Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1239 (11th Cir. 2003) (determining that an agency "is not presently 'withholding or delaying' final action" based on, among other factors, the agency's assurance that "it will reach a final decision . . . by 'mid-May'").

Accordingly, the plaintiffs' motion (Doc. 35) for summary judgment on Counts IV and V is **DENIED**. The EPA's motion (Doc. 37) for summary judgment on Count V is **GRANTED**. No later **JUNE 30, 2015**, within five pages, the plaintiffs must explain how the EPA has "unreasonably delayed" either (1) "making a necessity determination" or (2) furnishing an "adequate explanation" for denying the petition. *See Gulf Restoration Network*, 783 F.3d at 243. Failure to comply with this requirement will result without further notice in a judgment on Count IV in favor of the defendants and against the plaintiffs.

ORDERED in Tampa, Florida, on June 18, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE