UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA WILDLIFE FEDERATION,
et al.,

    Plaintiffs,

v.                                                CASE NO. 8:14-cv-3204-T-23EAJ

GINA MCCARTHY, et al.,

    Defendants.
_____/

**ORDER**

      The plaintiffs allege five counts against Gina McCarthy, Heather McTeer Toney, and the Environmental Protection Agency (collectively, the EPA). A June 4 order (Doc. 46) grants the EPA's motion to dismiss Count III but denies the EPA's motion to dismiss Count IV. Also, a June 18 order (Doc. 51) grants the EPA's motion for summary judgment on Count V but denies the EPA's motion for summary judgment on Count IV. Nonetheless, the June 18 order directs the plaintiffs to explain Count IV — "the plaintiffs must explain how the EPA has 'unreasonably delayed' either (1) 'making a necessity determination' or (2) furnishing an 'adequate explanation'" for declining to "make a necessity determination." (Doc. 51 at 4 (citing *Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 243 (5th Cir. 2015) (Higginbotham, J.)))

**DISCUSSION**

Count IV is entitled, "EPA has unlawfully withheld or unreasonably delayed making a [Clean Water Act] § 303(c)(4)(B) determination." (Doc. 1 at 67)  Under Section 303(c)(4)(B), the EPA "Administrator shall promptly prepare and publish proposed regulations setting forth a revised or new water quality standard . . . in any case where the Administrator determines that a revised or new standard is necessary to meet the requirements of this Act."  In other words, the EPA has discretion to "make a necessity determination." *Gulf Restoration Network*, 783 F.3d at 242. However, if a person petitions the EPA to "make a necessity determination" and the EPA denies the petition, the EPA must "provide[] an adequate explanation, grounded in the statute, for why [the EPA] has . . . elected" not to "make a necessity determination." *Gulf Restoration Network*, 783 F.3d at 242–43; *see also Florida Wildlife Fed'n v. McCarthy*, No. 8:14-cv-3204, at 6 n.2 (M.D. Fla. June 4, 2015) ("[A]fter *Gulf Restoration Network*, the EPA has a duty to explain a declination to exercise discretion.").

**1. The EPA**

The June 4 order states:

> Mistakenly interpreting Count IV to argue that Section 303(c)(4)(B) imposes a duty, the EPA responds that the EPA's "authority under Section 303(c)(4)(B) is discretionary." (Doc. 10 at 16) . . . However, the plaintiffs correctly acknowledge that "the EPA ha[s] discretion to decide not to make a necessity determination." *Gulf Restoration Network*[, 783 F.3d at 242].

(Doc. 46 at 4)  The EPA moves (Doc. 50) for reconsideration of the order and argues, "Count IV seeks to compel action that Plaintiffs assert is required under the [Clean Water Act] — 'making a § 303(c)(4)(B) determination of necessity.'"[*]  However, the plaintiffs on several occasions clarify that, although the EPA can choose not "make a necessity determination," the EPA "must provide a reasonable explanation for not exercising its discretion and performing a 'necessity determination.'"  (Doc. 13 at 18; Doc. 42 at 16; Doc. 55 at 3)  Assuming that the EPA declined to "make a necessity determination," Count IV argues that the EPA "unreasonably delayed" performing the duty to furnish a "reasonable explanation" for the declination.  Thus, Count IV's title — "EPA has unlawfully withheld or unreasonably delayed making a [Clean Water Act] § 303(c)(4)(B) determination" — is somewhat misleading.

**2. Plaintiffs**

The plaintiffs incorrectly believe that the Florida Department of Environmental Protection (FDEP)'s submitting to the EPA a list of "impaired waters" "triggered the application of [the Clean Water Act] § 303(c)(4)(B)."  (Doc. 55 at 2)  A petition for a "necessity determination," not the FDEP's submission, "triggers" the EPA's duty to either (1) "make a necessity determination" or

---

[*] The plaintiffs sue under the Administrative Procedure Act, which states that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." With some inapplicable exceptions, the Clean Water Act states that "any citizen may commence a civil action . . . against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under [the Clean Water] Act which is not discretionary with the Administrator." Thus, if the complaint alleges that the EPA failed to perform a "non-discretionary act or duty," the complaint fails to state a claim under the Administrative Procedure Act because the Clean Water Act contains an "adequate remedy in a court."

(2) "provide an adequate explanation" for declining to "make a necessity determination." *See, e.g.*, *Gulf Restoration Network*, 783 F.3d at 232; *Massachusetts v. EPA*, 549 U.S. 497, 533 (2007); *see also National Wildlife Fed'n v. Browner*, 1996 WL 601451, at *6 (D.D.C. Oct. 11, 1996) (Green, J.) ("The plaintiffs may . . . formally petition the agency for issuance of a rule . . . . Should the agency reject such a petition on the merits or adopt the position that it lacks the authority under Section 303(c)(4)(B) . . . , the petitioners could institute a new suit challenging these decisions.").

On October 2, 2014, Cindy Davis, a plaintiff in this action, petitioned the EPA "to initiate rulemaking to promulgate the necessary revisions to [the FDEP's] antidegradation water quality standards." (Doc. 16-1 at 1)  Assuming that the EPA denied the petition, Count IV argues that the EPA "unreasonably delayed" performing a duty to furnish an "adequate explanation" for denying the petition. However, only two-and-a-half months passed after the petition and before this action. The June 18 order states, "Nothing in the record suggests that the EPA's two-and-a-half-month delay was unreasonable." (Doc. 51 at 3)  The plaintiffs fail to "explain how the EPA has 'unreasonably delayed' either (1) 'making a necessity determination' or (2) furnishing an 'adequate explanation'" for declining to "make a necessity determination." (Doc. 51 at 4)

## CONCLUSION

Because the EPA misunderstands Count IV, the EPA's motion (Doc. 50) for reconsideration is **DENIED**. However, "[a]fter giving notice and a reasonable time to respond and identify material facts that may not be genuinely in dispute, a court may . . . grant summary judgment *sua sponte*." *Moore's Federal Practice*, Vol. 11, § 56.02[5] (3d ed. 2015). Because the plaintiffs fail to explain how the EPA has "unreasonably delayed" either (1) "making a necessity determination" or (2) furnishing an "adequate explanation" for declining to "make a necessity determination," summary judgment on Count IV is **GRANTED** in favor of the EPA and against the plaintiffs.

ORDERED in Tampa, Florida, on July 28, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE