UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA WILDLIFE FEDERATION,
et al.,

    Plaintiffs,

v.                                                    CASE NO. 8:14-cv-3204-T-23JSS

GINA MCCARTHY, et al.,

    Defendants.
_____/

## ORDER

The Florida Wildlife Federation and Cindy Davis[1] sue (Doc. 68) under the Clean Water Act and under the Administrative Procedure Act (1) the United States Environmental Protection Agency (the EPA); (2) Gina McCarthy, the administrator of the EPA; and (3) Heather McTeer Toney, a regional administrator of the EPA.[2] The defendants move (Doc. 69) to dismiss Count II.

## BACKGROUND

The Clean Water Act reserves to each state the power to enact policy designed to improve the quality of the state's water. At the same time, Section 303(c) of the

---

[1] The complaint claims that the Florida Wildlife Federation and Cindy Davis "each currently suffer[s] injuries" caused by the defendants. (Doc. 68 at 29, 59, 60, 63, 64) The complaint fails to explain any other relation between the plaintiffs. The complaint's distinguishing "FWF members" and "Mrs. Davis" suggests that Davis is not a member of the Florida Wildlife Federation.

[2] Also, a May 8, 2015 order (Doc. 38) grants the intervention of (1) the Florida Department of Environmental Protection (the FDEP), (2) the State of Florida, and (3) the Florida Department of Agriculture and Consumer Services.

Clean Water Act both (1) imposes on the EPA a duty to review and to approve or reject a state's "revised or new water quality standard" (Section 303(c)(3)) and (2) grants the EPA the discretion to determine whether "a revised or new standard is necessary to meet the requirements of this Act" (Section 303(c)(4)(B)).  If the EPA determines, either independently or in response to a petition,[3] that a "revised or new water quality standard" is necessary, Section 303(c)(4)(B) imposes on the EPA a duty to "promptly prepare and publish proposed regulations setting forth a revised or new water quality standard."  Also, Section 303(d) imposes on the EPA a duty to review and to approve or reject a state's list of "impaired waters," a list the state must periodically update.

From May 2012 to April 2014, the Florida Department of Environmental Protection (the FDEP) updated Florida's list of impaired waters.  In September 2014 and despite several letters from the Florida Wildlife Federation and Cindy Davis urging the EPA to reject the list, the EPA issued a "decision document" (Doc. 11-1), which partially approved the list.  In October 2014, Davis petitioned the EPA to determine that, in light of the updated list of impaired waters, "a revised or new standard is necessary."  After waiting only two-and-a-half months for a response, the Florida Wildlife Federation and Davis sue.

---

[3] The EPA can independently determine that "a revised or new standard is necessary," or a petition can prompt the EPA to review whether "a revised or new standard is necessary." If the EPA denies a petition to determine that "a revised or new standard is necessary," the EPA must offer an "adequate explanation." *Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 242–43 (5th Cir. 2015) (Higginbotham, J.); *see also Massachusetts v. EPA*, 549 U.S. 497, 500 (2007).

## DISCUSSION

**1. Count III failed to state a claim.**

The initial complaint (Doc. 1) comprised five counts:[4]

> Count I (APA Section 706(2)(A)) EPA's 2014 Decision Document approval of FDEP's 2012 Basin Group 5 Update was arbitrary, capricious, an abuse of discretion, and not in accordance with law.
>
> Count II (APA Section 706(2)(C)) EPA's 2014 Decision Document approval of FDEP's 2012 Basin Group 5 Update was in excess of EPA's legal authority.
>
> Count III (APA Section 706(1)) EPA has unlawfully withheld or unreasonably delayed making a CWA § 303(c) review of FDEP's Tier 2.0 and 2.5 antidegradation WQSs as interpreted by FDEP for consistency with the requirements of the CWA.
>
> Count IV (APA Section 706(1)) EPA has unlawfully withheld or unreasonably delayed making a CWA § 303( c)(4)(B) determination of the necessity for EPA to promulgate antidegradation WQSs for Florida due to FDEP's interpretation of FDEP's Tier 2.0 and Tier 2.5 antidegradation WQSs.
>
> Count V (APA Section 706(1)) EPA is unlawfully withholding or unreasonably delaying action on Mrs. Davis' petition to EPA to initiate rulemaking to promulgate needed amendments to FDEP's antidegradation WQSs in order to met the requirements of the CWA.

(Doc. 1 at 2) Noting the plaintiffs' convoluted explanation of Count III, a June 4, 2015 order (Doc. 46) construes Count III as claiming (1) that, in updating the list of impaired waters, the FDEP adopted a particular interpretation of the Florida Administrative Code and (2) "that the EPA failed to determine whether the" interpretation constitutes a revised water quality standard.  The order dismisses Count III because, although the EPA has a duty to review a revised water quality

---

[4] The initial complaint employs the following acronyms — (1) APA for the Administrative Procedure Act, (2) CWA for the Clean Water Act, and (3) WQS for water quality standard.

standard that a state submits to the EPA, the EPA has neither the duty nor the discretion[5] to determine without prompting by a state or by a court whether a state's action constitutes a revision of a water quality standard.[6]

## 2. The defendants prevailed on Counts IV and V.

Granting summary judgment on Count V, a June 18, 2015 order (Doc. 51) explains (1) that the plaintiffs claim, after waiting only two-and-a-half months, that the EPA "unreasonable delayed" responding to Davis's petition and (2) that two-and-a-half months fails to constitute "unreasonable delay." Noting the plaintiffs' convoluted explanation of Count IV, a July 28, 2015 order (Doc. 62) construes Count IV as (1) assuming that the EPA rejected Davis's petition and (2) claiming that the EPA "unreasonably delayed" furnishing an "adequate explanation" for denying

---

[5] The Administrative Procedure Act authorizes suing an agency over a "final agency action for which there is no other adequate remedy in a court." The Clean Water Act authorizes suing the EPA administrator over, and offers an "adequate remedy" for, the administrator's failing to perform a duty. Thus, the Administrative Procedure Act governs suits over the EPA's refusing to exercise discretion, and the Clean Water Act governs suits over the EPA's failing to perform a duty.

[6] The order explains:

> [T]he EPA has neither the duty nor the discretion to determine whether a state revised a water quality standard; that judgment is left to either the state or a court. Under Section 303(c)(2)(A), "[w]henever [a] State revises or adopts a new standard," the state must submit "such revised or new standard . . . to the Administrator." Thus, under Section 303(c)(2)(A), the state determines the occurrence of a revision to a water quality standard. Further, [*Miccosukee Tribe of Indians of Florida v. EPA*, 105 F.3d 599, 603 (11th Cir. 1997)], instructs a district court to "conduct[] its own factual findings" if a plaintiff argues that a state revised a water quality standard without submission to the EPA. If the court determines that the state revised a water quality standard, the determination "invoke[s] the mandatory duty imposed on the [EPA] to review . . . revised standards." *Miccosukee Tribe*, 105 F.3d at 602.

(Doc. 46 at 3) Because Count III claims that the EPA, not the FDEP, violates the Clean Water Act, the order dismisses Count III.

- 4 -

the petition.[7]  The order *sua sponte* grants summary judgment on Count IV again because two-and-a-half months indisputably fails to constitute "unreasonable delay" for agency action in the circumstance.

**3. Count II fails to state a claim.**

After commencement of this action and on July 29, 2015, the EPA denied Davis's petition.  A February 2, 2016 order (Doc. 67) grants the plaintiffs' unopposed[8] motion "to clarify" Counts I and II and to add a new Count III claiming that the EPA failed to furnish an "adequate explanation" for denying the petition. Accordingly, the plaintiffs amended (Doc. 68) the complaint, which now comprises three claims:

> COUNT I (APA Section 706(2)(A)) EPA's 2014 Decision Document approval of FDEP's 2012 Basin Group 5 Update was arbitrary, capricious, an abuse of discretion, and not in accordance with law.
>
> . . . .
>
> COUNT II (APA Section 706(2)(C)) EPA's 2014 Decision Document approval of FDEP's 2012 Basin Group 5 Update was in excess of EPA's legal authority.
>
> . . . .
>
> COUNT III (APA Section 706(2)(A)) EPA unlawfully denied the [Florida Wildlife Federation] and Mrs. Davis petitions to initiate rulemaking without providing an adequate explanation, grounded in the CWA, stating why EPA elected not to make a specific CWA § 303(c)(4)(B) necessity determination regarding FDEP's existing

---

[7] As the third footnote explains, if the EPA denies a petition to determine that "a revised or new standard is necessary," the EPA must offer an "adequate explanation." *Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 242–43 (5th Cir. 2015) (Higginbotham, J.); *see also Massachusetts v. EPA*, 549 U.S. 497, 500 (2007).

[8] The defendants opposed the addition of a fourth claim, and the February 2, 2016 order disallowed the addition.

> antidegradation policies and antidegradation implementation methods.

(Doc. 68 at 2, 4, 5)  The plaintiffs assert Counts I and III under Section 706(2)(A) of the Administrative Procedure Act, which states, "The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  The plaintiffs assert Count II under Section 706(2)(C), which states, "The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."

Moving (Doc. 69) to dismiss Count II, the United States correctly argues that the complaint fails to identify the "statutory authority" that the EPA allegedly exceeded.  Although the plaintiffs argue that the EPA failed to comply with 40 C.F.R. §130.7(b), the plaintiffs fail to explain how the EPA's failing to comply with the regulation constitutes an action "in excess of" an authority delegated to the EPA by Congress.  The complaint claims neither that the EPA promulgated a regulation without the notice-and-comment procedure required by the Administrative Procedure Act and nor that the EPA wields power in excess of that authorized by the Clean Water Act.

Citing *Simmons v. Block*, 782 F.2d 1545, 1550 (11th Cir. 1986), the plaintiffs correctly state that "courts must overturn agency actions which do not scrupulously follow the regulations and procedures promulgated by the agency itself."  However,

*Simmons*, 782 F.2d at 1550, overturns the agency action because the action "constitute[d] arbitrary and capricious conduct," not because the agency exceeded an unspecified "statutory authority."  Because Count II sues under Section 706(2)(C), not Section 706(2)(A), Count II fails to state a claim.

## CONCLUSION

Because Count II fails to identify the "legal authority" that the EPA allegedly exceeded, the United States' motion (Doc. 69) to dismiss Count II is **GRANTED**. Count II is **DISMISSED**.  In accord with the parties' case management report (Doc. 70) the defendants must answer the complaint no later than **AUGUST 18, 2016**.  No later than **SEPTEMBER 22, 2016**, a party may move for summary judgment.

In each filing, the plaintiffs maintain that the EPA's conduct is "unlawful." However in each filing the plaintiffs struggle to identify either the statute that the EPA allegedly violated or the authority that permits the plaintiffs to sue the EPA for the alleged violation.  Further, the plaintiffs' response to the defendants' motion to dismiss Count II spans approximately twenty pages, the maximum permitted for a response under the local rules.  But the response contains only two pages or so that respond substantively to the motion.  The plaintiffs' counsel must remember the primary purpose of a legal memorandum.  Gratuitous repetition is evidence of a

weak argument. Filling every available page is never evidence of a sound and persuasive argument.

ORDERED in Tampa, Florida, on August 8, 2016.

                                          STEVEN D. MERRYDAY
                                          UNITED STATES DISTRICT JUDGE